UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO MATTHEWS,　　　　　　　　　　No. 10-12803

　　　　　Plaintiff,　　　　　　　　　　District Judge Stephen J. Murphy, III
v.　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

BENNY NAPOLEAN, ET AL.,

　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Lorenzo Matthews, an inmate of the Wayne County Jail, has filed a *pro se* civil complaint, pursuant to 42 U.S.C. § 1983, alleging constitutional violations by Defendants Wayne County Sheriff Benny Napolean and other deputies and employees of the Sheriff's Department. Before the Court at this time is Defendants' Motion for Summary Judgment and Dismissal [Doc. #20], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

**I.　FACTS**

Plaintiff's handwritten complaint may be fairly read to assert the following claims: (1) his due process rights were violated when his security classification was arbitrarily increased; (2) his Eighth Amendment rights were violated when, on or about July 2, 2010, another inmate threw feces and urine in his face, causing burning in his eyes, and he did not receive medical care for his injury; and (3) he was denied the use of the jail's law library, apparently in violation of his First Amendment right to access the courts.

Plaintiff was previously a inmate of the Michigan Department of Corrections ("MDOC"). Defendants have submitted, as Exhibit 1A of their brief, MDOC documentation showing that Plaintiff incurred 80 major misconducts while in State custody, including assaultive misconduct and

weapons possession. At his deposition, Plaintiff admitted to about 100 misconducts during the 22 ½ years he was in prison. *Plaintiff's Deposition, Defendants' Exhibit 8*. In one of the offenses, Plaintiff was observed stabbing another inmate. Submitted as Defendants' Exhibit 3 is documentation from the Wayne County Jail showing that Plaintiff received 13 violations and infractions while an inmate there. In two of those, he was found not guilty. The remaining violations include assaultive and threatening behavior.

At his deposition, Plaintiff testified that a Corporal Hills was on duty at the time another inmate threw feces and urine in his face. *Plaintiff's Deposition, Defendants' Exhibit 5, at 13*. He testified that the inmate was locked down, and when the shift changed, "the other officers came on and immediately moved the other guy." *Plaintiff's Deposition, Defendants' Exhibit 9, at 15*. Plaintiff said that he was examined by a Nurse Jones, who had him wash his face with soap and water. He said that he has not gone to the medical department of the jail regarding any subsequent problems. *Id. at 15-16*.

In his response to this motion for summary judgment [Doc. #21], Plaintiff argues the issue of the allegedly improper security classification, but does not address his Eighth Amendment or First Amendment claim.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving

party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

#### A.   Plaintiff's Security Classification

The Plaintiff's path to dismissal of his lawsuit starts with the proposition that an inmate has no inherent constitutional right to be placed in a specific security classification. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a classification and

security determination did not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (finding "no due process protections ... required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate"); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).

In addition, "courts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons." *Hanna v. Toner,* 630 F.2d 442, 444 (6th Cir.1980). Correctional institutions, including County Jails, are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

Attached to Defendants' brief as Exhibit 2 are the Wayne County Jail Inmate Classification Policies. To classify an inmate at the maximum security level (Level 1), the inmate must meet three of the following factors: (1) the current offense is assaultive; (2) prior assault convictions; (3) prior serious institutional behavior; (4) serious or repeated acts of aggression or assaultive behavior against staff or other inmates; (5) requests by Internal Affairs or other law enforcement agencies due to escape attempts; (6) information or request from other law enforcement agencies involving escape, terrorism and/or other serious charges. The Plaintiff clearly meets at least three of these criteria–he committed a serious assault, involving stabbing another inmate, while in MDOC custody; his previous convictions for three counts of first-degree murder were clearly assaultive, as are the

current charges of bank robbery and assault with a dangerous weapon; and he has had multiple institutional problems at both the MDOC and the Wayne County Jail. Thus, his placement in a higher security classification was done consistent with County policy.[1]

Therefore, summary judgment should be granted to Defendants on this claim.

### B.   Eighth Amendment

The Defendants construe the Eighth Amendment allegations as a "failure to protect" claim. To the extent that this is in fact what the Plaintiff claims, I agree that it should be dismissed. As Defendants point out, Plaintiff has not identified the inmate who threw the offal, and the officer on duty–Corporal Hill–is not named as a Defendant. Plaintiff has offered no evidence that the named Defendants knew or should have known that this unnamed inmate posed a threat to the Plaintiff. Thus, he cannot show that the Defendants were subjectively aware of a risk, and disregarded that risk, as required in a deliberate indifference claim. *Farmer v. Brennan*, 511 U.S. 825 (1994).

However, I construe Plaintiff's Eighth Amendment claim as raising the issue of deliberate indifference to his medical needs. He alleges that he was not taken to the clinic following the incident, but was examined in the unit by Nurse Jones, who provided the rather conservative treatment of washing with soap and water.

The Supreme Court has held that Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).  Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,*

---

[1] In a filing called an "Amended Motion" [Doc. #18], Plaintiff alleges that his security classification also violated the Equal Protection Clause. By separate order, I have construed that pleading as a motion to amend the complaint, and have denied the same, since Plaintiff has made no showing that he was treated differently than similarly situated inmates.

511 U.S. at 834, *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Id.*; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, mere negligence or misdiagnosis of an ailment does not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at 703. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

Even assuming that Plaintiff meets the objective prong of an Eighth Amendment claim–that he had a sufficiently serious medical condition–his claim falters at the subjective prong. Even drawing all inferences in the Plaintiff's favor, it cannot be said that the medical personnel employed by the Wayne County Jail disregarded his condition or placed him at substantial risk. By his own admission, he was examined and treated, albeit conservatively, by Nurse Jones. There has been no showing that he sought any subsequent treatment. That Plaintiff might disagree with the regimen of treatment provided, or be of the opinion that he deserved additional treatment, is irrelevant. Under the constitutional standard, the test is not whether the Plaintiff received optimal care, but whether

the Jail's medical providers were deliberately indifferent. They were not, and summary judgment should be granted on this claim.

### C.  Denial of Law Library

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances"). In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial. In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Plaintiff alleges that he was denied access to the law library. However, he neither claims nor factually supports a claim that any litigation was prejudiced as a result. Therefore, summary judgment should be granted on this claim.

Because summary judgment should be granted as to all of Plaintiff's claims, it is not necessary to discuss Defendant Benny Napolean's argument that he is entitled to qualified immunity, other than to point out that even if one of the other Defendants did commit a constitutional violation–and they did not–Plaintiff has not shown that Napolean had any knowledge or personal involvement, or that any violations occurred as a result of policy or practice. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*,

or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act; it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 96 (1976); *Bellamy, supra*.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment and Dismissal [Doc. #20] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    s/R. Steven Whalen
                    R. STEVEN WHALEN
                    UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 16, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 16, 2011:

        **Lorenzo Matthews**
        2009015293
        WAYNE COUNTY JAIL - DIVISION 1
        570 CLINTON STREET
        DETROIT, MI 48226

                    s/Michael E. Lang
                    Deputy Clerk to
                    Magistrate Judge R. Steven Whalen
                    (313) 234-5217